# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:20-cr-27 |
| GHALEB ALAUMARY, | |
| Defendant. | |

## ORDER FOR HEARING BY ELECTRONIC MEANS

This matter is currently scheduled or is due to be scheduled or has been scheduled for a sentencing hearing. For the reasons and in the manner set forth below, the Court shall hold this hearing via electronic means upon the consent of the Defendant. Should Defendant consent to proceeding with the hearing via electronic means, the Court will set this matter down for a hearing via electronic means as expeditiously as possible. If Defendant does not consent to a hearing via electronic means, the Court will schedule the matter for an in person hearing in a manner that reduces the risk to the health and safety of the Defendant, the hearing participants, and the public at a time and date in the near future.

As all parties are aware, the United States of America is currently experiencing a national emergency due to the global spread of Coronavirus Disease 2019 (COVID-19). The Honorable J. Randal Hall, Chief Judge, determined that during this national emergency, "a felony plea under Rule 11, Federal Rules of Criminal Procedure, and a felony sentencing under Rule 32, Federal Rules of Criminal Procedure, cannot occur in person and in court without serious jeopardy to public health and safety." Order, IN RE: The National Emergency Declared on March 13, 2020, 1:20-MC-005, ECF No. 1 (March 30, 2020). The Court finds that the above-referenced hearing

cannot safely take place in person in the ordinary manner.[1] However, given that all parties and the public have a vested interest in the expeditious resolution of this matter, the Court finds that delay of the above-referenced hearing would result in serious harm to the interest of justice. Consequently, pursuant to the authority granted by Chief Judge Hall's above-cited Order and the legislative authorities referenced therein, the Court shall conduct the hearing by video conference upon the consent of the Defendant. In the event that video conference is not reasonably available or becomes unavailable during the hearing, the Court will conduct the hearing via telephone conference.[2]

The Clerk of Court shall attach to this Order the Court's form for Defendant's Statement Regarding Appearance Via Electronic Means. Defendant's counsel shall review the form and this Order with Defendant expeditiously. Counsel shall have the Defendant execute the form and indicate whether the Defendant consents to an electronic hearing on the form.[3] **Counsel shall file the executed form on the docket of this case using the Court's electronic case filing system within five (5) business days of the date of this Order.**

The Clerk of Court shall also attach to this Order the Court's procedures for conducting hearings via electronic means. Counsel are urged to read and pay close attention to those procedures. If counsel has any questions regarding those procedures, counsel shall contact the

---

[1] If Defendant does not consent to having the hearing via electronic means, the Court may attempt to have the hearing in person by implementing certain limitations and precautions for conducting the hearing. See Order, IN RE: Standing Order Regarding In-Person Hearings Before Judge R. Stan Baker in Light of the Coronavirus (COVID-19) Pandemic, 4:20-mc-5, ECF No. 1 (September 4, 2020).

[2] In the event telephonic capability is unavailable or becomes unavailable during the conference, the Court will continue the hearing until such capability is available.

[3] Due to the continued health and safety concerns of the public and all parties to this case, the Court will allow the Defendant and counsel for the Defendant, if necessary, to execute the form by electronically signing the document using reliable electronic means. See Order, IN RE: Expanded Use of Electronic And Other Signatures Due to Exigent Circumstances Created by COVID-19, 1:20-MC-007, ECF No. 1 (April 9, 2020).

2

undersigned's Courtroom Deputy Clerk well in advance of the hearing.  Additionally, should any party intend to call any individual as a witness during the hearing held by electronic means, counsel shall bear the responsibility of contacting that individual and making arrangements for the witness to attend the hearing via video conference.  Should any party require the subpoena power of the Court to secure any witness's attendance, counsel shall notify the undersigned's Courtroom Deputy Clerk well in advance of the hearing and in no event any less than seventy-two hours prior to the hearing.  Additionally, should any party seek to offer any exhibits during the hearing, counsel shall provide the evidence in electronic format to the undersigned's Courtroom Deputy Clerk not less than seventy-two hours prior to the hearing and arrange for the submission of evidence via electronic means.

The Court appreciates the cooperation of counsel and all involved parties in attending to this matter during this difficult time and in assisting the Court in meeting its solemn obligations while safeguarding the health and safety of the parties, the Court's personnel, and the public.

**SO ORDERED**, this 29th day of October, 2020.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA