IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 420-027 |
| | ) | |
| GHALEB ALAUMARY | ) | |
| | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S 18 U.S.C. § 3582(c)(1)(A) MOTION**

Defendant Ghaleb Alaumary moves for early release under 18 U.S.C. § 3582(c)(1)(A). (Docs. 82, 84.) His motion appears to be based on challenges to his sentencing guidelines calculations and restitution amounts. The government respectfully requests that the Court deny Alaumary's motion because he has not demonstrated an "extraordinary and compelling reason" as defined by the guidelines.

In order to qualify for a sentence reduction under § 3582(c)(1)(A), a defendant must present an "extraordinary and compelling" reason. *See United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021) (citing *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021)). A district court is bound to the definition of "extraordinary and compelling" contained in U.S.S.G. § 1B1.13 and application note 1. *See United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021) ("In short, we hold that 1B1.13 is an applicable policy statement that governs all motions under Section 3582(c)(1)(A). Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13."), *cert. denied*, 142 S. Ct. 583 (2021).

Although somewhat difficult to decipher, Alaumary appears to argue that his sentencing guidelines, along with his required restitution, were improperly calculated. Whatever Alaumary's complaints, none fall within the definition of "extraordinary and compelling reasons" contained U.S.S.G. § 1B1.13, application note 1. He does not assert that he has a terminal illness, § 1B1.13, app. n. 1(A)(i); that he is suffering from a medical or mental health condition, from which he is not expected to recover, that substantially diminishes his ability to engage in self-care within the BOP facility, § 1B1.13, app. n. 1(A)(ii)(I)-(III); that he qualifies for a reduction based on his age, § 1B1.13, app. n.1(B); or that he qualifies based on family circumstances, § 1B1.13, app. n. 1(C)(i)-(ii).

Because Alaumary's claims do not fit within any of the guidelines' definitions, they are non-cognizable under § 3582(c)(1)(A). *Bryant*, 996 F.3d at 1262. As such, the United States respectfully requests that Defendant's § 3582(c)(1)(A) motion (Docs. 82, 84) be denied.

        Respectfully submitted,

        DAVID H. ESTES
        UNITED STATES ATTORNEY

        */s/ Justin G. Davids*
        Justin G. Davids
        Assistant United States Attorney
        Missouri Bar No. 57661
        justin.davids@usdoj.gov

P.O. Box 8970
Savannah, Georgia 31412
(912) 652-4422

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") that was generated as a result of electronic filing in this Court. Additionally, a copy has been mailed to:

Ghaleb Alaumary, Reg. No. 72802-019
FCI Fort Dix
Federal Correctional Institution
Inmate Legal Mail
Post Office Box 2000
Joint Base MDL, New Jersey 08640

This August 25, 2022.

        Respectfully submitted,

        DAVID H. ESTES
        UNITED STATES ATTORNEY

        ***/s/ Justin G. Davids***
        Justin G. Davids
        Assistant United States Attorney
        Missouri Bar No. 57661
        justin.davids@usdoj.gov

P.O. Box 8970
Savannah, Georgia 31412
(912) 652-4422