UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| GHALEB ALAUMARY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CV 422-216 |
| ) | (CR 420-027) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**GOVERNMENT'S MOTION TO DISMISS
ALAUMARY'S 28 U.S.C. § 2255 MOTION**

Ghaleb Alaumary ("the petitioner") moves to vacate his conviction and sentence under 28 U.S.C. § 2255. (Doc. 87.) This Court should dismiss the motion without an evidentiary hearing as his claims are all vague, conclusory, and/or contrary to the record. *See* Rule 4(b), Rules Governing § 2255 Proceedings (court is authorized to summarily dismiss motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief").[1]

**Background**

*A.  Charging Documents, Plea Agreements, and Transfer of Jurisdiction.*

---

[1] The records and documents needed to fully respond to this motion are already included on the Court's electronic criminal docket. There is no need for expansion of the record as authorized by Rule 7 or any additional discovery as authorized by Rule 6.

In May 2019, the grand jury indicted the petitioner on one count of conspiracy to commit bank fraud. In March 2020, the U.S. Attorney filed an information charging the petitioner with one count of conspiracy to commit money laundering. (*United States v. Alaumary*, No. 4:20-cr-027 (S.D. Ga. Mar. 25, 2020), Doc. 3; PSR ¶ 3.) In April 2020, the petitioner pleaded guilty to that charge in a written plea agreement containing this district's standard waivers of direct appeal and collateral attack. (*Id., Doc.* 19, PSR ¶ 5.) In doing so, the petitioner admitted in the agreement that he "has had the benefit of legal counsel in negotiating this agreement" and that he "believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney."[2] (*Id., Doc.* 19. ¶ 14.)

On April 21, 2020, this Court conducted a Rule 11 hearing. The petitioner told the Court he was satisfied with his attorneys' representation and had no complaints "whatsoever." (Doc. 90 at 18-19.) Later in the hearing, when the Court again asked if the petitioner was satisfied with his counsel, he responded, "Extremely satisfied, your Honor." (Doc. 90 at 49.) The petitioner admitted that he and his attorneys talked about the facts and law of his case, that his attorneys went over the information with him, and that his attorneys also explained the plea agreement to him. (Doc. 90 at 23-25.) The petitioner admitted the elements of the offense. (Doc. 90 at 18-19.) The government summarized the written agreement, including the

---

[2] The petitioner retained two attorneys that assisted him with his cases.

waiver of the right to be charged by indictment and the appellate and collateral attack waivers. (Doc. 90 at 25-26.) The petitioner acknowledged that summarization was consistent with his understanding, and that he read and signed the agreement. (Doc. 90 at 42-48.) The Court again reiterated the appellate and collateral attack waivers, and specifically asked the petitioner if he understood that he had "explicitly and irrevocably instructed [his] attorney not to file an appeal, and [he had] waived [his] right to appeal." (Doc. 90 at 31-34.) The petitioner told the Court he wished to plead guilty because he was, in fact, guilty. (Doc. 90 at 49.) The factual basis was written and contained in the plea itself, and the Court also read it into the record. (Doc. 90 at 34-47.) The petitioner admitted the factual basis was truthful. (Doc. 90 at 48.)

In November 2020, the U.S. Attorney for the Central District of California filed an information charging the petitioner with one count of conspiracy to commit money laundering. (*United States v. Alaumary*, No. 2:20-cr-576 (C.D. Cal. Nov. 17, 2020), Doc. 1; PSR ¶ 6.) On November 20, 2020, the petitioner consented to transfer the Central District of California charge to the Southern District of Georgia, pursuant to Rule 20, Fed. R. Crim. P. (*United States v. Alaumary*, No. 4:20-cr-141 (S.D. Ga. Dec. 3, 2020), Doc. 1; PSR ¶ 7.) In February 2021, the petitioner pleaded guilty to that charge in a written plea agreement, which also contained standard waivers of direct appeal and collateral attack. (*Id.*, Doc. 23.)[3] And, the petitioner certified that he was

---

[3] As the Court is aware, the plea agreement that was utilized in this case was based off of the negotiated plea from the Central District of California. It does, however, contain substantially similar waivers of appellate and collateral rights as used here.

"satisfied with the representation of [his] attorney in this matter." (*Id.,* Doc. 23 at 27.)

Nearly a year after his plea in 4:20-cr-027, on February 16, 2021, this Court conducted a separate Rule 11 hearing. (*United States v. Alaumary*, No. 4:20-cr-141, Doc. 49.) The Court reviewed the petitioner's charge, the elements, his rights, and his satisfaction with his counsel. (Doc. 49 at 2-16.) The Court also reviewed the plea agreement, including the waivers of the petitioner's appellate and collateral rights. (Doc. 49 at 21-27.) The plea agreement contained a five-page factual basis for the plea, which the Court independently reviewed with the petitioner, ensuring that he had reviewed it with his attorney. (Doc. 49 at 29-30.) The petitioner assured that the factual basis was accurate, and that he was pleading guilty because he was in fact guilty of the charged crime. (Doc. 49 at 31.)

In June 2021, the United States Probation Office generated a pre-sentence investigation report (PSR) for the petitioner. The PSR determined the petitioner's base offense level to be 7, under U.S.S.G. § 2B1.1(a)(1). (PSR ¶ 72.) The petitioner's offense level was enhanced by 33 points, which raised his adjusted offense level to 40. (PSR ¶¶ 73-82.) He then received a three-level reduction for acceptance of responsibility. (PSR ¶¶ 84-85.) Thus, the PSR determined the petitioner had a total offense level of 37 with a criminal history category of I, and an advisory guideline range of 210 to 262 months' imprisonment. (PSR ¶¶ 86, 122.) The government had no objections, while the petitioner submitted multiple objections to the PSR. (PSR Add.)

On September 8, 2021, the Court held the sentencing hearing.[4] (*United States v. Alaumary,* No. 4:20-cr-027, Doc. 74.)[5]  The parties did not object to the PSR at sentencing, but they submitted a joint statement to the court (Doc. 69), which the Court took into consideration.  (Doc. 80 at 7-8.)   The petitioner stated that he had read and reviewed the PSR with his attorneys and that he had no other objections to it, including the factual statements.  (Doc. 80 at 6.)  The Court adopted the PSR.  (Doc. 80 at 7.)  The government then argued for a lengthy sentence by outlining the extensive nature of the criminal syndicate with whom the petitioner worked.  (Doc. 80 at 9-14.)  The petitioner's attorneys argued for a downward variance.  (Doc. 80 at 15-16.)  When given the opportunity, the petitioner stated, "I would like to apologize to the United States of America for everything that I committed, conspired, and attempted."  (Doc. 80 at 17.)  The petitioner did not complain about his attorneys or any other aspect of the case.  After hearing from all parties, the Court imposed a 140-month sentence, well below the Guidelines range.  (Docs. 80 at 19; 77.)

On September 14, 2021, the petitioner was sentenced to 140 of months imprisonment on each count in *United States v. Alaumary*, No. 4:20-cr-027 and *United States v. Alaumary*, No. 4:20-cr-141 to be served concurrently.  (Doc. 77.)  Three days later, the petitioner and his attorney filed a "Post-Conviction Consultation Certification"; the certification, signed by the petitioner and his counsel, states that

---

[4] There was only one PSR and sentencing hearing for both cases.

[5] Subsequent record citations reference criminal case no. 4:20-cr-027 unless otherwise noted.

the petitioner chose to not file an appeal after having been fully advised of his rights. (*United States v. Alaumary*, No. 4:19-cr-067, Doc. 78.)[6] Importantly, the petitioner agreed that he understood the consequences of foregoing his appeal, including, "the waiver of his right to complain about the process that led up to his conviction . . . should he decide to seek any form of habeas corpus . . . or other judicial relief from the conviction." (*United States v. Alaumary*, No. 4:19-cr-67, Doc. 78 at 1-2.)

On September 15, 2022, the petitioner filed his § 2255 motion to vacate his conviction and sentence, alleging four grounds of ineffective assistance of trial counsel. (Doc. 87.)

### Standard Governing § 2255 Motions

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Only claims that are constitutional, jurisdictional, or of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. *See United States v. Addonizio*, 442 U.S. 178, 184-86 (1979). No evidentiary hearing is required where "the motion and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. *See also Hill v. Lockhart*, 474 U.S. 52, 60 (1985) (denying

---

[6] The petitioner erroneously filed this certification on the originally indicted charge, which was dismissed pursuant to the plea agreements.

petition without a hearing where petitioner "failed to allege the kind of 'prejudice' necessary to satisfy the second prong of the *Strickland v. Washington* test.").

The petitioner's ineffective assistance of counsel claims are properly raised in a collateral attack on a sentence under § 2255. *See United States v. Butler*, 41 F.3d 1435, 1437 (11th Cir. 1995). A habeas petitioner claiming ineffective assistance of counsel must demonstrate both professional error and prejudice to the outcome of the proceedings, and the failure to demonstrate either is dispositive of the claim. *See Strickland v. Washington*, 466 U.S. 668, 697 (1984). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done." *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc). "[C]ases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Id.* at 1511.

In determining whether counsel's assistance was adequate, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence." *Putman v. Head*, 268 F.3d 1223, 1243 (11th Cir. 2001). Reviewing courts must be highly deferential in reviewing a counsel's performance and must utilize the strong presumption that counsel's performance was reasonable. *See Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). "[B]ecause counsel's conduct is presumed reasonable, for a petitioner to show that the conduct

was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take." *Id.* at 1315. A petitioner is not entitled to error-free representation, only representation that falls within the range of competence demanded of attorneys in criminal cases and conforms to professional standards of reasonable investigation of facts and understanding of the law. *See Birt v. Montgomery*, 725 F.2d 587, 597 (11th Cir. 1984).

Under the prejudice prong, the petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697. To demonstrate prejudice, the petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial [or sentencing] with error of constitutional dimensions." *Frady*, 456 U.S. at 170.

The Court must examine counsel's total performance and the effect of that performance "in light of the record as a whole to determine whether it was reasonably probable that the outcome would have been different." *See Matire v. Wainwright*, 811 F.2d 1430, 1434 (11th Cir. 1987). "[A]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice." *Butcher v. United States*, 368 F.3d 1290, 1293 (11th

Cir. 2004). For example, prejudice cannot result from the failure to make a meritless objection. *See United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). Moreover, a petitioner is not entitled to habeas relief where "his claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (quotations and citations omitted).

Additionally, where a petitioner has pled guilty, the petitioner can only show prejudice if there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill* at 59. The courts must protect the validity of plea agreements, except in the rarest of circumstances, because plea bargaining retains its benefits of certainty and efficiency "only if dispositions by guilty plea[s] are accorded a great measure of finality." *Blackledge v. Allison*, 431 U.S. 63, 71 (1977). In fact, the courts have recognized that, "[m]ore often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea." *Id.* At 71-72. As a result, the representations made by the parties during a plea colloquy create a "formidable barrier in any subsequent collateral proceedings." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014).

**Argument**

**A.   *The petitioner's first and second claims are vague, conclusory and without factual support.***

The petitioner's first and second claims are vague, conclusory, and stated without any factual support. (Doc. 87 at 4-7.) He has neither alleged the professional

9

error committed by either of his attorneys, nor has he adequately described the prejudice he suffered that was reasonably probable to alter the outcome of his case. "The allegations must be factual and specific, not conclusory. Conclusory allegations are simply not enough to warrant a hearing." *Chavez v. Sec'y Fla. Dep't. of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011). A "*pro se* pleading must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

"[A] petitioner need only *allege* – not prove – reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002). However, he must allege them. A district court can summarily dismiss a collateral challenge if the allegations are "patently frivolous," "based upon unsupported generalizations," or "affirmatively contradicted by the record." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989).

The petitioner's first stated claim is that his "trial attorney failed to investigate any defense or evidence" which violated his 6th Amendment right to counsel, but he does not provide or explain what facts support this claim. (Doc. 87 at 4-5.) He merely states that his attorneys, "failed to investigate any defense or evidence" regarding the government's, "lack of any filing of a formal complaint, or there lack of formally showing any associated cases or defendant's concerning this defendant's conspiracy allegations." [sic] (Doc. 87 at 4.) The petitioner does not point to any facts, evidence, or witnesses that an investigation would have discovered, and he does not describe

10

how it would have caused him to not plead guilty.  With such a broad and generic claim, it is impossible for this Court to ascertain where and how the petitioner's counsel provided ineffective representation, or how he was prejudiced by it.

The petitioner's second claim is virtually identical to the first and suffers the same fatal flaws.  He again alleges ineffective assistance of counsel because his counsel failed to, "proper[ly] investigate . . . and failed to challenge the government's presentment of any and all evidence[.]" This conclusory claim also fails to provide, with any specificity whatsoever, what his counsel failed to do or how it prejudiced the petitioner.  (Doc. 87 at 5.)

In addition to his claims being vague and conclusory, they also directly contradict the statements he made to the Court at his plea hearings.  This Court, in both plea colloquies, sufficiently and adequately reviewed the charges, the petitioner's rights, his satisfaction with his counsel, the factual bases for his guilty pleas, and his overall desire to plead guilty.  For example, this Court, after reviewing the petitioner's rights with him, engaged in the following colloquy with the petitioner:

> The Court: Have [petitioner's attorneys] reviewed with you any discovery that the government has produced regarding the charge against you?
>
> The Defendant: Yes, Your Honor, they have.
>
> The Court: Have you discussed with [them] your right to trial and any defenses they could present if your case went to trial?
>
> The Defendant: Yes, we have, Your Honor.

11

The Court: Have they gone over your case with you and permitted you to go over your case with them?

The Defendant: Yes, Your Honor.

…

The Court: Are you satisfied with the representation and advice given to you in this case by your attorneys?

The Defendant: Yes, I am, Your Honor.

…

The Court: Do you have any complaints about their representation whatsoever?

The Defendant: No, I don't, Your Honor.

…

The Court: Are you satisfied with the services that your lawyers have rendered in your case so far?

The Defendant: Extremely satisfied, Your Honor.

(Doc. 90 at 17-18, 49.)

Contrary to petitioner's repeated reassurances to the Court that his attorneys had reviewed the evidence, defenses, and overall case with him, he now alleges that his attorneys failed to properly investigate his case. As these assertions are

contradicted by the petitioner's own statements in open court, and the petitioner fails to even allege how this would have affected his guilty plea, the United States would ask that the Court dismiss these claims. *See Tejada*, 941 F.2d at 1559 (explaining ineffective assistance of counsel claim fails if based on "unsupported allegations, conclusory in nature and lacking factual substantiation").

### B. *The Informations to which the petitioner pled was sufficient.*

The petitioner in his third claim appears to challenge the validity of the information, to which he pled guilty, by alleging that his counsel was ineffective for not arguing that the information, "failed against this defendant, failed to constitute an offense under the conspiracy statute, on the grounds it does not contain the element of two or more people willfully conspired to commit a prohibit act against the United States." [sic] (Doc. 87 at 7).

This claim fails for two simple reasons. First, the petitioner's objection to the information is untimely and was waived by his guilty plea; and second, the information is sufficient. The petitioner in his plea agreements agreed to waive his right to be charged by indictment. (*United States v. Alaumary*, No. 4:20-cr-027, Doc. 19.) (*United States v. Alaumary*, No. 4:20-cr-141, Doc. 23.) Accordingly, he pled guilty to multi-page informations, that described in detail both the manner and means of the conspiracy, as well as the overt acts that the petitioner committed. (*United States v. Alaumary*, No. 4:20-cr-027 (S.D. Ga. Mar. 25, 2020), Doc. 3.) (*United States v. Alaumary*, No. 4:20-cr-141 (S.D. Ga. Dec. 3, 2020), Doc. 1-1.)

Any defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained. *Bradbury v. Wainwright,* 658 F.2d 1083, 1087 (5th Cir. 1981). In *Wilson v. United States*, the defendant's claim of ineffective assistance was not about his decision to plead guilty. Because the district court was familiar with the facts surrounding Wilson's conviction, having been the same court as had heard Wilson's guilty plea and sentenced him, and because the record before the district court fully reflected the voluntariness of Wilson's plea, the court did not err in dismissing Wilson's claim, as it involved pre-plea issues, without conducting an evidentiary hearing. *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992).

The petitioner makes no attempt to attack the voluntary and knowing nature of his plea agreements. Therefore, he has waived any attack regarding the informations to which he pled. Furthermore, he cannot demonstrate that his counsel was ineffective for failing to object to proper informations that the petitioner agreed to have filed pursuant to his written plea agreements.

For the information to be sufficient, it must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). Generally, an information is sufficient if it tracks the language of the statute and charges the essential elements of the offense. *United States v. Waldon*, 363 F.3d 1103, 1108 (11th Cir. 2004) (reviewing the denial of a motion to dismiss the indictment for an abuse of discretion).

Not only do the informations charge all the essential elements and track the statutory language, but the informations specifically and repeatedly state actions that were undertaken by coconspirators. (*United States v. Alaumary*, No. 4:20-cr-027 (S.D. Ga. Mar. 25, 2020), Doc. 3 at 4-5.) (*United States v. Alaumary*, No. 4:20-cr-141 (S.D. Ga. Dec. 3, 2020), Doc. 1-1 at 5-6.) Therefore, the petitioner's claim that the informations somehow failed to contain an element of two or more persons is simply untrue.

As the informations are sufficient, the objection to them untimely, and there being no prejudice, the Court should dismiss this claim as well.

### C.  *The petitioner's counsel advised him of his appellate rights, and he waived his right to appeal.*

The petitioner's final claim is that his counsel was ineffective for failing to file a notice of appeal. (Doc. 87 at 8-9.) This claim, consistent with the others, is directly contradicted by the record. On September 17, 2021, the petitioner filed with this Court a "Post-Conviction Consultation Certification" which the petitioner signed stating that he had decided to not file an appeal after consulting with his attorney. (*United States v. Alaumary*, No. 4:19-cr-067, Doc. 78.) The petitioner's signature appears twice on the document, confirming that he consulted with his attorney and chose not to file an appeal. (*Id.,* Doc. 78 at 1-2.)

Accordingly, the United States asks this Court to dismiss this claim as well.

15

### D. *An evidentiary hearing is not required to resolve the claims, and this Court should deny a certificate of appealability.*

"The district court is not required to grant a petitioner an evidentiary hearing if the § 2255 motion 'and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015). Although the Court should order an evidentiary hearing, and rule on the merits, "if the petitioner alleges facts that, if true, would entitle him to relief," a "hearing is unnecessary when the petitioner's allegations are '"affirmatively contradicted by the record"' or if such claims are '"patently frivolous."'" *Id.* (internal citations omitted). As the preceding discussion makes clear, the petitioner's allegations are without merit because they are contradicted by the law and facts.

### Conclusion

This Court should dismiss the petitioner's motion to vacate his sentence. (Doc. 87.)

        Respectfully submitted,

        DAVID H. ESTES
        UNITED STATES ATTORNEY

BY:   */s/ L. Alexander Hamner*

        L. Alexander Hamner
        Assistant United States Attorney
        Indiana Bar No. 31996-41
        alex.hamner@usdoj.gov

Post Office Box 8970
Savannah, Georgia 31412
Telephone Number: 912-652-4422

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") generated upon electronic filing in this Court. In addition, I mailed a paper copy via U.S. Postal Service to:

Ghaleb Alaumary, Reg. No. 72802-019
FCI Fort Dix
Federal Correctional Institution
Inmate Legal Mail
P.O. Box 2000
Joint Base MDL, New Jersey 08640

This 16th day of December, 2022.

                                          DAVID H. ESTES
                                        UNITED STATES ATTORNEY

BY:   */s/ L. Alexander Hamner*

                                        L. Alexander Hamner
                                        Assistant United States Attorney
                                        Indiana Bar No. 31996-41
                                        alex.hamner@usdoj.gov

Post Office Box 8970
Savannah, Georgia 31412
Telephone Number: 912-652-4422